BALABAN, HENRY L., Associate Judge.
This is an appeal from a final judgment of a Civil Court of Record of Dade County, Florida. There was a jury verdict in the Civil Court of Record entered in favor of the plaintiff-appellee awarding him damages in the sum of $1,400.40 and costs to compensate him for the loss of personal property which had been placed in the trunk of his car, which car with the contents in the trunk, was in the defendant’s possession for repairs. The defendant-appellant kept plaintiff’s car overnight on premises secured by a chain across its car lot in order to proceed with the repairs to be made on the following day. During the night, thieves stole the plaintiff’s car and also a new car belonging to the defendant.
It is understood that the legal relationship of the parties was that of plaintiff-bailor and defendant-bailee’s liability depended on whether the defendant had actual or constructive knowledge of the plaintiff’s said personal property which was lost when the plaintiff’s car, while in the custody of the defendant overnight, was stolen and recovered some days later with the said personal property missing.
Defendant admitted that its agent had left the car keys in the ignition of the said car.
It is elementary that the applicable law depends on the facts established at the trial.
The key issue in the case at bar is factual, to-wit: whether defendant-bailee had actual or constructive knowledge of the said personal property being in the said trunk, as claimed by the plaintiff and denied by the defendant.
*555 The jury, acting under the court’s instructions, expressly approved by both plaintiff and defendant, chose to believe the testimony of the plaintiff and his witnesses and rendered a verdict in the plaintiff’s favor.
This court finds, from the trial record submitted, that there was substantial evidence to support the verdict. It is not the function of an appellate court to retry a case or to substitute its judgment for that of a jury. Its review is limited to the correction of errors of law, and is not authorized to review questions of fact. The weight of the evidence and credibility of witnesses are questions which are to be resolved at the trial rather than on appeal. See 2 Fla.Jur. 710, Appeals, Section 340 and cases cited.
The judgment below is affirmed.